O

# United States District Court
# Central District of California

| | |
|---|---|
| BASEM ABDULLA ATTUM, M.D.,<br><br>             Plaintiff,<br><br>      v.<br><br>XAVIER BECERRA,<br><br>             Defendant. | Case № 2:22-cv-04044-ODW (JCx)<br><br>**ORDER DENYING<br>MOTION TO DISMISS [18]** |

## I.   INTRODUCTION

On June 13, 2022, Plaintiff Basem Abdulla Attum, M.D., filed this action against the Secretary of the United States Department of Health and Human Services ("HHS"), Xavier Becerra.  (Compl., ECF No. 1.)  Attum is a physician who seeks relief following the denial of his enrollment application to participate as a supplier in the Medicare Program and placement on the Medicare Program's Preclusion List. (First Am. Compl. ("FAC"), ECF No. 13.)  Becerra now moves to dismiss the First Amended Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(1).  (Mot. Dismiss ("Mot." or "Motion"), ECF No. 18.)  For the following reasons, the Court **DENIES** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Attum is a licensed physician specializing in orthopedic surgery. (FAC ¶ 2.) On August 17, 2015, Attum entered a guilty plea in Kentucky state court for one count of insurance fraud, one count of identity theft, and three counts of obtaining a controlled substance by fraud or deceit. (*Id.* ¶ 26.) The court granted Attum's request to participate in a two-year Pretrial Diversion Program. (*Id.* ¶ 27.) Attum completed the terms of the Pretrial Diversion Program, and the court dismissed the criminal action against Attum with prejudice. (*Id.* ¶ 29.) On January 2, 2018, the court granted Attum's petition to expunge his criminal record. (*Id.* ¶ 30.)

On March 18, 2021, Attum applied to enroll as a supplier—*i.e.,* a physician providing services—in the Medicare Program. (*Id.* ¶¶ 20, 31.) On the application, Attum disclosed his guilty plea in Kentucky, as well as the subsequent dismissal of the criminal action and expungement of his criminal record. (*Id.*)

On April 5, 2021, the Centers for Medicare & Medicaid Services ("CMS") denied Attum's enrollment application pursuant to 42 C.F.R. § 424.530(a)(3)[2] on the basis that Attum had, within the past 10 years, been convicted of a felony that was detrimental to the best interest of the Medicare Program. (*Id.* ¶ 32.) CMS also placed Attum on the Preclusion List, which is a list comprised of suppliers who may not be reimbursed under Medicare plans for items or services that they provide or prescriptions that they write. (*See id.*; *see also* Mot. 3.)

On June 8, 2021, Attum submitted a request for reconsideration of the denial of his enrollment and placement on the Preclusion List. (FAC ¶ 33.) On August 11, 2021, CMS issued a reconsideration decision upholding the denial of Attum's enrollment, as well as his placement on the Preclusion List. (*Id.* ¶ 34.)

---

[2] Pursuant to 42 C.F.R § 424.530(a)(3), CMS may deny a supplier's enrollment in the Medicare Program if the supplier was, within the preceding 10 years, convicted of a felony offense that CMS determines to be detrimental to the best interests of the Medicare program and its beneficiaries. Such offenses include financial crimes, such as insurance fraud, "for which the individual was convicted, including guilty pleas and adjudicated pretrial diversions," and "[a]ny felonies that would result in mandatory exclusion under section 1128(a) of the Act." *Id.*

While the administrative proceedings were pending, Attum sought to vacate his August 17, 2015 guilty plea on the basis that he would not have pleaded guilty had he known that his plea and Pretrial Diversion could, despite subsequent dismissal and expungement, result in his exclusion from the Medicare Program. (*Id.* ¶ 35.) On October 25, 2021, the Kentucky state court issued an order in Attum's criminal case, retroactively setting aside and withdrawing Attum's guilty plea. (*Id.* ¶ 36; FAC Ex. 5 ("Kentucky State Court Order"), ECF No. 13-5 (ordering that "[Attum] shall not be deemed to have entered a guilty plea at any time in connection with this case").[3])

On August 24, 2021, Attum submitted a request for a hearing before an Administrative Law Judge ("ALJ") to contest CMS's denial of his enrollment in the Medicare Program and placement on the Preclusion List. (FAC ¶ 39.) On February 10, 2022, the ALJ affirmed CMS's decision.[4] (*Id.* ¶ 41; FAC Ex. 6 ("ALJ Decision"), ECF No. 13-6.) Among other things, the ALJ concluded that, "regardless of the state court's disposition of [Attum's] criminal case, the record shows that [Attum] was convicted within the meaning of 42 C.F.R. § 424.530(a)(3) and 42 C.F.R. § 1001.2[5], by virtue of the state court's acceptance of his guilty plea and granting his participation in the pretrial diversion program." (FAC ¶ 42; ALJ Decision 10.)

---

[3] The Court may consider Attum's exhibits to the First Amended Complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting [a] motion to dismiss into a motion for summary judgment.").

[4] Becerra requests that the Court take judicial notice of a February 10, 2022 letter from the Director, Civil Remedies Division, Departmental Appeals Board of HHS, to Attum's counsel of record, which enclosed the ALJ Decision and a copy of the applicable appellate review guidelines. (Def.'s Req Judicial Notice, ECF No. 18-1.) The Court does not rely on this letter in resolving the Motion and, accordingly, **denies as moot** Becerra's request.

[5] 42 C.F.R. § 1001.2 defines "convicted" to include, among other things, (1) "[a] judgment of conviction . . . against an individual . . . by a . . . State . . . court regardless of whether . . . "[t]he judgment of conviction or other record relating to the criminal conduct has been expunged or otherwise removed;" and (2) "participation in a first offender, deferred adjudication or other program or arrangement where judgment of conviction has been withheld."

On September 1, 2022, Attum brought this case, in which Attum asserts three causes of action. (*See* Compl.; FAC ¶¶ 52–69.) First, Attum seeks declaratory and injunctive relief for violation of his substantive due process rights. (FAC ¶¶ 52–57.) Attum alleges that Becerra arbitrarily and unreasonably interfered with Attum's chosen profession by denying Attum's enrollment application and placing Attum on the Preclusion List on the basis of policies that define Attum as a convicted person. (*Id.*) Second, Attum seeks a declaratory judgment declaring that HHS's policy of defining a person as convicted, irrespective of state laws, is invalid and violates state sovereignty under the Tenth Amendment. (*Id.* ¶¶ 58–64.) Third, Attum seeks a writ of mandamus ordering Becerra to review Attum's enrollment application and placement on the Preclusion List consistent with the Court's judgment. (*Id.* ¶¶ 65–69.)

Becerra now moves to dismiss the First Amended Complaint on the basis that the Court lacks subject matter jurisdiction. (Mot.) The Motion is fully briefed. (Opp'n, ECF No. 20; Reply, ECF No. 21.)

### III. LEGAL STANDARD

Pursuant to Rule 12(b)(1), a party may move to dismiss based on a court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted). Conversely, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id*. The party attempting to invoke a court's jurisdiction bears the burden of proof for establishing jurisdiction. *See Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

## IV. DISCUSSION

Becerra argues that Attum's claims arise under the Medicare Act and should be dismissed for lack of subject jurisdiction because Attum failed to exhaust the Act's administrative appeals process. (Mot. 10–13.)

"Judicial review of claims arising under the Medicare Act is available only after the Secretary [of HHS] renders a 'final decision' on the claim."[6] *Heckler v. Ringer*, 466 U.S. 602, 605 (1984). The Supreme Court applies two tests to determine whether claims arise under the Medicare Act. *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1112 (9th Cir. 2003). "First, claims that are 'inextricably intertwined' with a Medicare benefits determination may arise under Medicare." *Id.* (quoting *Ringer*, 466 U.S. at 614). "Second, claims in which both the standing and the substantive basis for the presentation of the claims is the Medicare Act may arise under Medicare." *Id.* (quoting *Ringer*, 466 U.S. at 615). "'[A]ll aspects' of any [claim arising under the Medicare Act] must be 'channeled' through the administrative process" before obtaining review in federal court. *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 12 (2000) (quoting *Ringer*, 466 U.S. at 614–15). This channeling requirement "applies to 'virtually all legal attacks,' whether procedural or substantive, constitutional or non-constitutional, future or present, legal or fact-specific." *Arriva Med. LLC v. U.S. Dep't of Health & Human Servs.*, 239 F. Supp. 3d 266, 278 (D.D.C. 2017) (quoting *Ill. Council*, 529 U.S. at 13–14).

### A. Claims Arising Under the Medicare Act

Attum argues that his claims do not arise under the Medicare Act because (1) he does not seek to recover on a claim for benefits; and (2) the standing and substantive basis for his claims derive from the Constitution. (Opp'n 10–13.)

---

[6] A party "after any final decision of the [Secretary of HHS] made after a hearing . . . may obtain a review of such decision" in federal district court. *See* 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1395ff(b)(1)(A) (incorporating 42 U.S.C. § 405(g) to the Medicare Act). "No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided." *See* 42 U.S.C. § 405(h); *see also* 42 U.S.C. § 1395ii (incorporating 42 U.S.C. § 405(h) to the Medicare Act).

Because Attum does not seek a benefits determination, the Court considers whether Attum's claims satisfy the second test for determining whether claims arise under the Medicare Act—whether both the standing and the substantive basis for the presentation of the claims is the Medicare Act. *Kaiser*, 347 F.3d at 1112. This inquiry considers a claim's essence, and "not whether [the claim] lends itself to a 'substantive' rather than a 'procedural' label." *Ringer*, 466 U.S. at 615, 624. Accordingly, the Supreme Court has determined that actions challenging the constitutionality of policies under the Medicare Act and seeking declaratory and injunctive relief may constitute claims arising under the Medicare Act, despite the fact that such claims "do not, on their face, appear to claim specific Medicare benefits or reimbursements." *See Kaiser*, 347 F.3d at 1112 (collecting cases); *see also Ringer*, 466 U.S. at 615 ("It is of no importance that respondents . . . sought only declaratory and injunctive relief and not an actual award of benefits as well."); *Ill. Council*, 529 U.S. at 14 (explaining that claims for benefits and claims of program eligibility arise under the Medicare Act and "may all similarly dispute agency policy determinations, or may all similarly involve the application, interpretation, or constitutionality of interrelated regulations or statutory provisions").

Here, the essence of Attum's claim is that Becerra unconstitutionally denied Attum's application for enrollment in the Medicare Program and placed Attum on the Preclusion List. Although stated as a constitutional challenge, in substance, Attum challenges HHS's policy that a plea agreement, subsequently vacated by a state court, may nonetheless constitute a conviction upon which HHS may deny a prospective supplier's enrollment in the Medicare Program. The standing and substantive basis for Attum's claims is the Medicare Act because Attum's claims hinge on HHS's policies in applying the Medicare Act and processing applications for enrollment.

Accordingly, the Court finds that Attum's claims arise under the Medicare Act.

### B. Exhaustion of Administrative Remedies

Because Attum's claims arise under the Medicare Act, Attum must exhaust his administrative remedies before seeking review in federal court, unless an exception or judicial waiver applies. *See Ill. Council*, 529 U.S. at 12, 19 (discussing exception to administrative exhaustion requirement); *see also Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) (providing three-part test "to determine whether a particular case merits judicial waiver of the exhaustion requirement").

Becerra argues that Attum fails to allege that he exhausted his administrative remedies under the Medicare Act. (Mot. 12–13.) Specifically, Becerra argues that Attum fails to allege that he sought review of the ALJ Decision by the Departmental Appeals Board, which constitutes the third and final level of the administrative appeals process under the Medicare Act. (*Id.* at 4–9, 12–13); *see also* 42 C.F.R. § 498.80 (providing that prospective provider who is dissatisfied with ALJ's decision may request review by the Departmental Appeals Board).

Throughout the First Amended Complaint, Attum characterizes the ALJ Decision as a decision from the Departmental Appeals Board. (*See e.g.*, FAC ¶¶ 11, 41.) However, the decision to which Attum refers is a decision from ALJ Tannisha D. Bell. (*Id.*; *see also* ALJ Decision.) Attum fails to allege that he took the next step in the administrative appeals process by seeking review of the ALJ Decision from the Departmental Appeals Board. (*See* ALJ Decision; *see generally* FAC.) Moreover, Attum does not oppose Becerra's argument that he failed to exhaust his administrative remedies before filing this case and, thus, Attum concedes this point. (*See* Opp'n 13–18 (arguing Attum is entitled to judicial waiver or should be excused from exhaustion requirements)); *see also Star Fabrics, Inc. v. Ross Stores, Inc.*, No. 17-cv-5877-PA (PLAx), 2017 WL 10439691, at *3 (C.D. Cal. Nov. 20, 2017) ("Where a party fails to oppose arguments made in a motion, a court may find that the party has conceded those arguments . . . .").

Accordingly, the Court finds that Attum failed to exhaust his administrative remedies before filing this case.

## C. Waiver of Exhaustion Requirement

Nevertheless, Attum argues that he is entitled to judicial waiver of the exhaustion requirement. (Opp'n 13–19.)

The Medicare Act's exhaustion requirement consists of two requirements: (1) "a nonwaivable requirement that a 'claim for benefits shall have been presented to the Secretary,'" and (2) "a waivable requirement that the administrative remedies prescribed by the Secretary be pursued fully by the claimant." *Ringer*, 466 U.S. at 617 (citations omitted).

### 1. Presentment

Attum argues that he satisfied the presentment requirement when he requested reconsideration of the CMS decision and a hearing with the ALJ. (Opp'n 13–14.) Although Attum concedes that he "did not express his arguments as constitutional violations," he did present his claim that HHS lacked legal authority to deny his enrollment and to place him on the Preclusion List based upon a guilty plea that was subsequently set aside by the Kentucky state court. (*Id.*)

In *Mathews v. Eldridge*, 424 U.S. 319, 329 (1976), Eldridge brought an action following the termination of his disability benefits in which he challenged the constitutional validity of the administrative procedures established by the Secretary of Health, Education and Welfare for assessing whether there is a continuing disability. The Court held that Eldridge satisfied the presentment requirement when he "specifically presented the claim that his benefits should not be terminated because he was still disabled," even though he had not raised his constitutional claim at the administrative level. *Id.* Interpreting *Eldridge*, the Ninth Circuit explained that Eldridge satisfied the presentment requirement because his constitutional claim had "direct bearing" on the decision that Eldridge questioned at the administrative level— his termination of benefits. *See Haro v. Sebelius*, 747 F.3d 1099, 1113 (9th Cir. 2014)

(interpreting *Eldridge*, 424 U.S. at 329). The same is true here. Although Attum did not argue during the administrative appeals process that Becerra violated his constitutional rights, Attum specifically presented the claim that his enrollment should not be denied and that he should not be placed on the Preclusion List on the basis of his plea agreement. (Opp'n 13–14.) Attum's constitutional claim—in sum, that it is unconstitutional to define a prospective supplier as having a conviction on the basis of a plea agreement that a state court subsequently withdrew—bears directly on the decision that Attum questioned at the administrative level. *See Haro*, 747 F.3d at 1113. Accordingly, the Court finds that Attum satisfies the presentment requirement.

### 2. Full Pursuit of Administrative Remedies

The Court next considers whether Attum fully pursued the administrative remedies prescribed by HHS. *See Ringer*, 466 U.S. at 617. To satisfy this requirement, "[t]he claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Johnson*, 2 F.3d at 921.

#### a. Collaterality

As to the first element, Attum asserts that his claims are collateral because they amount to a constitutional attack on policies under the Medicare Program and would not be determinative of whether he qualifies for enrollment as a Medicare supplier. (Opp'n 14–15.)

"Whether the Secretary has published a challenged policy . . . does not determine whether the plaintiff's claim is collateral." *Johnson*, 2 F.3d at 921. Rather, "[a] plaintiff's claim is collateral if it is not essentially a claim for benefits" and "is not bound up with the merits so closely that [the court's] decision would constitute interference with agency process." *Id.* at 921–22 (internal quotation marks omitted; alteration in original). Here, rather than challenging the specific decision that HHS

made concerning Attum's enrollment application, Attum challenges the constitutional validity of HHS's policy to systematically define convictions to include those that a state court has withdrawn. In considering whether this policy is constitutional, the Court would not need to analyze the merits of Attum's particular case. Moreover, a decision from the Court on this issue would not automatically entitle Attum or other similarly situated prospective suppliers to enrollment in the Medicare Program. *See id.* (holding claim was collateral where court's order would require HHS to readjudicate claims denied under policy, resulting in some claimants receiving benefits that were once denied and others seeing no change at all). Attum's "attack is essentially to the policy itself, not to its application to [him], nor to the ultimate substantive determination of [his enrollment]." *See id.* at 922. Therefore, Attum's claims are collateral to his claim of entitlement.

    b. <u>Irreparability</u>

A plaintiff must raise "at least a colorable claim" that exhaustion will cause irreparable injury. *Id.* The Ninth Circuit has held that "a 'colorable' showing of irreparable injury is one that is not 'wholly insubstantial, immaterial, or frivolous.'" *Id.* (quoting *Briggs v. Sullivan*, 886 F.2d 1132, 1140 (9th Cir. 1989)). "Irreparable harm for the purposes of waiver of exhaustion is present where 'back payments cannot erase either the experience or the entire effect of' the purported injury." *Davis v. Astrue*, 513 F. Supp. 2d 1137, 1146 (N.D. Cal. 2007) (quoting *Kildare v. Saenz*, 325 F.3d 1078, 1083 (9th Cir. 2003)).

Here, Attum argues that requiring administrative exhaustion before judicial review would cause irreparable harm to him in his ability to find work, receive hospital privileges, and obtain board certifications. (Opp'n 15–16; *see also* FAC ¶ 46 (alleging enrollment denial and inclusion on Preclusion List prevent Attum "from opening his own practice and joining a hospital or private practice group," "obtaining hospital privileges," and "obtaining a board certification from the American Board of Orthopedic Surgery").)

The Court finds that Attum raises a colorable claim that requiring administrative exhaustion will cause irreparable harm that cannot be compensated by back payments, including his inability to work, obtain certifications, and practice medicine. *See Koerpel v. Heckler*, 797 F.2d 858, 862 (10th Cir. 1986) (holding doctor's "reputation could be irreparably damaged in a way that could not be remedied by subsequent administrative appeals"); *Johnson*, 2 F.3d at 922 (holding sufficient allegations of irreparable harm due to economic loss and destruction of claim); *see also Kildare*, 325 F.3d at 1083 (holding sufficient allegations of irreparable harm due to economic hardship, including subsistence on food stamps, lack of medical insurance, and homelessness).

### c. Futility

Futility is established if the exhaustion of administrative remedies "would not serve the policies underlying exhaustion." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). "In most cases, the exhaustion requirement allows the agency to compile a detailed factual record and apply agency expertise in administering its own regulations," allowing the agency to "correct its own errors through administrative review." *Johnson*, 2 F.3d at 922. "However, when the agency applies a 'systemwide policy' . . . nothing is gained 'from permitting the compilation of a detailed factual record, or from agency expertise.'" *Id.* (quoting *Bowen v. City of New York*, 476 U.S. 467, 485 (1986)); *see also Briggs*, 886 F.2d at 1140 (holding futility established because detailed record would not "assist a court in determining the merits of appellants' straightforward statutory and constitutional challenge").

Here, because Attum alleges that HHS's established policy and regulatory definition of conviction violates the Constitution, a detailed administrative record regarding the facts of Attum's underlying application for enrollment would not assist the Court in assessing the merits of Attum's claims. Accordingly, Attum satisfies the futility requirement.

Because Attum satisfies the requirements for judicial waiver of the exhaustion requirement, Attum's claims may proceed in this Court despite his failure to exhaust the administrative appeals process.[7]

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion to Dismiss.  (ECF No. 18.)

**IT IS SO ORDERED.**

March 8, 2023

_____

           **OTIS D. WRIGHT, II
     UNITED STATES DISTRICT JUDGE**

---

[7] Having found that Attum is entitled to judicial waiver of the exhaustion requirement, the Court does not reach Attum's alternative jurisdictional arguments.  (*See* Opp'n 17–19.)